IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

PAUL GENE PLEMONS,

    Petitioner,

v.

DIRECTOR, TDCJ-CID,

    Respondent.

Civil Case 2:25-CV-269-Z-BR

## MEMORANDUM OPINION AND ORDER

Petitioner Paul Gene Plemons ("Plemons") filed a petition for writ of habeas corpus under 28 U.S.C. Section 2254, which subsequently was amended. ECF Nos. 3, 5. Having considered the amended petition, the response, the record and applicable authorities, the Court **DISMISSES** the amended petition for failure to exhaust state court remedies.

### BACKGROUND

Plemons was charged by indictment with forgery and possession of a controlled substance with two enhancement paragraphs alleging prior convictions for sexual assault and failure to register as a sex offender. ECF No. 10 at 3–8. He pleaded guilty to the charges and was sentenced on December 4, 2017, to ten years of imprisonment on each count, to run concurrently. *Id.* at 1, 6.

Plemons filed this petition on December 16, 2025, alleging, in general, that he has not received credit on his state sentences for the time he spent in federal custody. ECF No. 3. On March 25, 2026, the government filed an Answer, alleging that Plemons failed to exhaust his state court remedies. ECF No. 10. Plemons did not file a reply.

### ANALYSIS

Section 2254 provides federal courts with a limited but important opportunity to

review a state prisoner's conviction and sentence. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011). This statute, as amended by Antiterrorism and Effective Death Penalty Act of 1996, creates a "highly deferential standard for evaluating state-court rulings, ... which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation marks omitted).

However, a state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. Section 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

The state record provided by Respondent shows that Plemons has not satisfied the exhaustion requirement. *See* ECF No. 10-1 at 18. Plemons filed no reply brief indicating that his state remedies were exhausted, nor does he argue that his state remedies are ineffective to protect his rights such that the requirement to exhaust would be excused. *See* 28 U.S.C. Section 22554(b)(1)(B)(ii). The Texas Court of Criminal Appeals has not had an opportunity

2

to consider Plemons's claims and, consequently, they remain unexhausted.[1] Accordingly, Plemons's petition for writ of habeas corpus (ECF No. 3) is **DISMISSED** without prejudice.

**SO ORDERED.**

July 7, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, if applicable, Plemons also must exhaust state administrative remedies before seeking federal habeas corpus relief. *See* TEX. GOV'T CODE ANN. Section 501.0081 (West 2018) (requiring Texas inmates to pursue time-credit complaints through a dispute resolution process within the prison system before raising such a claim in a state habeas application).